In re Kenneth W. Price















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-186-CV

IN RE KENNETH W. PRICE

 

 Original Proceeding
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Kenneth Price seeks a writ of mandamus compelling the District Clerk of Coryell County to
prepare and file with this court a copy of his notice of appeal. We dismiss the petition for want
of jurisdiction.
Â Â Â Â Â Â Section 22.221(b) of the Government Code prescribes the original jurisdiction of the courts
of appeals. That section states:
Â Â Â Â Â Â (b)Â Â Each court of appeals for a court of appeals district may issue all writs of mandamus,
agreeable to the principles of law regulating those writs, against a:
(1) judge of a district or county court in the court of appeals district; or
(2) judge of a district court who is acting as a magistrate at a court of inquiry under
Chapter 52, Code of Criminal Procedure, in the court of appeals district.

Tex. Govât Code Ann. Â§ 22.221(b) (Vernon Supp. 2001). The Government Code does not
confer mandamus jurisdiction over District Clerks upon the courts of appeals. Id.; see HCA
Health Servs. Of Tex., Inc. v. Salinas, 838 S.W.2d 246, 248 (Tex. 1992). Accordingly, we
dismiss the petition for want of jurisdiction.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Davis
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Writ dismissed
Opinion issued and filed July 25, 2001
Do not publish



no","serif"'>art. I, § 11a

Â Â Â Â Â Â Â Â Â Â Â  Article I, section 11a of
the Texas Constitution provides the following four scenarios under which an
accused charged with a non-capital felony may be denied pretrial bail:

Â·Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
the accused has been
previously convicted of two felonies, the second conviction being subsequent to
the first;

Â 

Â·Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
the accused has
committed a felony while on bail for a prior felony for which he has been
indicted;

Â·Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
the accused is
charged with a felony involving the use of a deadly weapon after being
convicted of a prior felony;

Â 

Â·Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
the accused is
charged with a violent or sexual offense committed while incarcerated for a
prior felony.

Â 

Tex. Const. art. I, Â§ 11a(a).

Â Â Â Â Â Â Â Â Â Â Â  The State contends that the
second alternative applies in TennellÂs case because he was charged with felony
theft after being released on bond for aggravated assault and he was later
charged with evading arrest with a vehicle after being released on bond for the
prior felony charges.

Â Â Â Â Â Â Â Â Â Â Â  However, for this provision
to apply, ÂA district judge must hold a hearing wherein the state must show
substantial evidence of the defendantÂs guilt for the [latest felony charge]
and the district judge must enter an order denying bond, all within seven days
of the defendantÂs arrest [for the latest felony charge].ÂÂ  Pharris v. State,
165 S.W.3d 681, 690 (Tex. Crim. App. 2005) (quoting Neuenschwander v. State,
784 S.W.2d 418, 420 (Tex. Crim. App. 1990)); see Tex. Const. art. I, Â§ 11a(a).[2]Â 
The burden is on the State to affirmatively show compliance with the
requirements of article I, section 11a.Â  Pharris, 165 S.W.3d at 690.

Â Â Â Â Â Â Â Â Â Â Â  Here, the State presented no
evidence of TennellÂs guilt for any of the pending charges.Â  Nor did the trial
court sign the order denying TennellÂs habeas application within seven days
after his arrest.Â  Id. at 690-91.

Therefore, we reverse the order denying
TennellÂs habeas application and remand this cause to the trial court for
further proceedings consistent with this opinion.Â  Id. at 691.

Â 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Reversed and remanded

Opinion
delivered and filed July 15, 2009

Do not publish

[CR25]

Â 









[1]
Â Â Â Â Â Â Â Â Â Â Â Â Â  Bail is currently
set at $10,000 on the evading arrest charge by a judgment nisi issued on August
13, 2008.





[2]
Â Â Â Â Â Â Â Â Â Â Â Â Â  Article I, section
11a(a) provides similar evidentiary requirements for each of the four scenarios
under which an accused may be held without bail.Â  See Tex. Const. art. I, Â§ 11a(a).